WILLIAM T. HINES *vs.* SAART BROTHERS COMPANY.

JUNE 19, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

.MURDOCK, J. This is a bill in equity brought for the purpose of rescinding a sale of certain shares of the capital stock of the respondent corporation. After a hearing in the Superior Court a decree was entered dismissing the bill and the cause is in this court on complainant's appeal from said decree.

Saart Brothers Company was incorporated March 3, 1916, under provisions of Chapter 212, G. L., 1909. Its authorized capital was $100,000 divided into common shares of the par value of $100 each. February, 1923, by amendment to its charter, it was authorized to issue an eight per cent preferred stock to the amount of $25,000.

William H. Saart, a brother-in-law of the complainant, was the founder of the business carried on by the respondent and was the owner of about 800 shares of its capital stock. March 1, 1923, the complainant purchased through said Saart forty shares of common stock of the Saart Brothers Co. Attached to the certificate, by means of a metal clip, was the following document: "The owners of this common stock are entitled to receive, and the company is bound to pay out of its surplus or net earnings, a dividend at the rate of 8 per cent per annum, accumulative from and after the first day of March, A. D. 1923, payable semi-annually (July and January). This 8 per cent is a special guaranteed dividend, and the stock will also share in any dividends that the Saart Bros. Co., may declare from time to time, and is subject to all the privileges according to the by-laws of the Saart Brothers Co.

> William H. Saart, Pres.
> Albert G. Saart, Sec."

August 28, 1923, complainant purchased forty more shares of said common stock with a document attached thereto similar in all respects to that above set forth with the exception that it was signed only by William H. Saart, Pres.

It is the contention of the complainant that the certificates with the documents attached thereto are evidence of his con-

tract with the corporation for the purchase of said shares and that said contract is indivisible. He concedes that the document attached to the certificate does not constitute him a preferred stockholder and contends that for this reason the whole transaction is void and that he is entitled to a return of the amount paid for his stock,

The trial justice found that the guarantee was not that of the respondent but was the personal guarantee of William H. and Albert G. Saart. There is nothing in the execution of the guarantee which connects the corporation therewith, except the words descriptive of the offices which the signers held therein. The corporation could not guarantee dividends on its stock which, as stated in the so-called guaranty, were to be paid out of the earnings. The only reasonable inference that could be drawn from the expression "special guaranteed dividend" is that William H. and Albert G. Saart in the one instance, and only William H. Saart in the other, personally guaranteed the payment of a sum equal to 8 per cent of the par value of the stock.

The complainant urges that, by reason of the fact that William H. Saart was the owner of a great majority of the shares of the capital stock of the respondent corporation and exercised wide control over its affairs, the act of Saart in giving the so-called guaranty was the act of the corporation. It is not alleged that fraud or deceit was practiced; the complainant rests his case on the proposition that he supposed he purchased a stock which would give him a guaranteed return of 8 per cent on his investment and such dividends as might be declared on the common stock.

A purchaser of, or a subscriber to, shares of stock in a corporation is held to a reasonable degree of care to avoid being misled or cheated. The fact that he was given a certificate of stock, which plainly states that it is common stock, to which was attached an informal statement that the owner was entitled to a guaranteed dividend was enough to have caused him to inquire as to the legal effect of the so-called guaranty. Equity will not relieve one from the consequences

of his own negligence. Black on Rescission & Cancellation, §347. But there is another and even more compelling reason why the complainant must be denied the relief that he seeks. He purchased his stock in 1923 and received what he calls dividends thereon until 1925 when Saart surrendered control of the respondent corporation to two trustees representing the banks to which said corporation was heavily indebted. Thereafter the complainant received no return on his investment and it does not appear that he made any demand on the corporation or the trustees for such return which he says was guaranteed him by the corporation. In December, 1926, Saart died owing a large sum to the corporation. His executor under authority from the probate court surrendered the stock in the respondent corporation held by him as executor in exchange for the cancellation of Saart's indebtedness to said corporation.

It became necessary to obtain new capital in order to continue the business; $26,000 was obtained by the sale of common stock. The complainant attended meetings of the corporation and was fairly conversant with its affairs. While these events were transpiring he did nothing about his so-called guaranteed stock. After new capital had been raised by the sale of stock to parties ignorant of the complainant's claim he comes forward with a demand for rescission and repayment. He comes too late. If on no other ground he must be denied relief on the ground of laches. The language in *The Narragansett Electric Lighting Co.* v. *Sabre*, 51 R. I. 37, is applicable here. "Equity and good conscience do not permit one to avoid a sale and thereby cause great and irreparable injury to others . . . after negligently waiting until the harm is done."

The complainant's appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Christopher J. Brennan*, for complainant.

*Francis I. McCanna, James L. Taft, Barney & Lee*, for respondent.